UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

AMANDA EPPINGA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Hon. Paul L. Maloney

Case No. 1:15-cv-801

**REPORT AND RECOMMNEDATION**

This matter is before the Court on <u>Plaintiff's Request for Attorney Fees</u>. (ECF No. 18). Plaintiff's counsel seeks $1,890.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **denied**.

Plaintiff initiated this action on August 5, 2015. (ECF No. 1). On January 19, 2016, the parties stipulated to vacate the Commissioner's decision and remand this matter for further administrative action pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 15). On January 20, 2016, the Honorable Paul L. Maloney granted the parties' stipulation and entered judgment in favor of Plaintiff. (ECF No. 16-17). More than thirty-two (32) months later, Plaintiff's counsel submitted a letter to the Clerk of the Court "requesting an additional attorney fee of $1,890.00 due to the additional work involved in appealing this case." (ECF No. 18). The Court has interpreted this letter as a motion for attorney fees. Defendant opposes counsel's motion on the grounds that it is untimely and not sufficiently supported. The Court agrees.

First, counsel has failed to provide a brief in support of her fee request. Attorney fees are recoverable in a Social Security action under two separate authorities: (1) the Equal Access to Justice Act (EAJA) and (2) 42 U.S.C. § 406(b). Because counsel has failed to support her

motion, the Court can only guess as to the authority under which she seeks fees and whether the relevant standard has been satisfied. To the extent counsel expects the Court to somehow divine the basis for her request and determine whether such is appropriate, the Court declines. *See Emerson v. Novartis Pharmaceuticals Corp.*, 446 Fed. Appx. 733, 736 (6th Cir., Aug. 23, 2011) ("judges are not like pigs, hunting for truffles that might be buried in the record").

Second, counsel's request is untimely. To the extent that counsel's request is interpreted as seeking EAJA fees, counsel was required to submit her request "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A judgment against the United States becomes "final" at the end of the 60-day period within which to file an appeal. *See Spiller v. Commissioner of Social Security*, 940 F.Supp.2d 647, 650 n.2 (S.D. Ohio, Feb. 25, 2013) (citing Fed. R. App. P. 4(a)(1)(B)). No appeal was filed in this matter. Thus, the judgment in this matter became final more than two and one-half years ago. Counsel has advanced no argument why her untimeliness should be disregarded. The Court concludes, therefore, that to the extent counsel seeks EAJA fees, her request must be denied as untimely. *See, e.g., Marshall v. Commissioner of Social Security*, 444 F.3d 837, 842 n.3 (6th Cir. 2006) (the "EAJA time limit is jurisdictional").

To the extent counsel's request is interpreted as seeking fees under 42 U.S.C. § 406(b), the result is the same. Because § 406(b) does not expressly define when a motion for fees must be filed to be considered timely, courts have deemed § 406(b) fee requests timely if submitted within a reasonable period of time, as defined by principles of equitable tolling, after receiving notice that the claimant has been awarded disability benefits. *See, e.g., Reynolds v. Commissioner of Social Security*, 292 F.R.D. 481, 484-85 (W.D. Mich. 2013). Documents attached to counsel's pleading indicate that Plaintiff received notice that she was awarded disability benefits no later than January 2017. (ECF No. 18-2 at PageID.530). Counsel has failed to explain why she

nevertheless waited almost two years to file the present fee request.  The Court finds that counsel's request was not filed within a reasonable period of time after receiving notice that Plaintiff had been awarded disability benefits.  Accordingly, to the extent counsel's request is interpreted as seeking fees under 42 U.S.C. § 406(b), the Court finds such to be untimely.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Request for Attorney Fees, (ECF No. 18), be **denied**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: January 4, 2019                                                   /s/ Ellen S. Carmody
                                                                                        ELLEN S. CARMODY
                                                                                        U.S. Magistrate Judge